REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 470

September Term, 2015

_____

STEVEN BURNETT

v.

CERETA SPENCER

_____

Eyler, Deborah S.,
Arthur,
Wilner, Alan M.
  (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Arthur, J.

_____

Filed: September 28, 2016

This case concerns Md. Rule 2-651, the so-called "wild card"[1] provision for collecting judgments. A judgment-creditor asked the Circuit Court for Baltimore County to employ Rule 2-651 to enter a charging order against the corporate interest of a recalcitrant judgment-debtor. The court entered the charging order, and the debtor appealed. We affirm.

## I.    Background

Cereta Spencer and Steven Burnett were divorced in the Circuit Court for Baltimore County in 2010. In connection with the divorce, the court granted Spencer a monetary award of $3.7 million. This Court affirmed the judgment in an unreported opinion. *Burnett v. Burnett*, No. 2855, Sept. Term 2010 (Ct. Spec. App. Apr. 19, 2012).

On July 3, 2012, the clerk docketed two money judgments in favor of Spencer and against Burnett. The judgments, in the amounts of $912,500.00 and $1,612,500.00, appear to represent unpaid portions of the monetary award.

Spencer alleges that Burnett resisted payment, apparently preferring to have interest accrue at the post-judgment rate of 10 percent per annum than to satisfy his obligations to his ex-wife. Spencer claims that, in his efforts to resist payment, Burnett filed a bankruptcy petition, which was dismissed as a bad-faith filing.

On November 3, 2014, Spencer obtained writs of garnishment of wages on Burnett's employer, CAEI Inc., and on Burnett's bank. Three days later, on November 6, 2014, Spencer filed a motion for ancillary relief under Rule 2-651.

---

[1] Paul V. Niemeyer, Linda M. Schuett & Joyce E. Smithey, *Maryland Rules Commentary* 752 (4th ed. 2014).

The motion for ancillary relief was directed to CAEI, a Subchapter S corporation in which Burnett is the majority owner. In the motion Spencer asked the court to "charg[e]" Burnett's "equity interest" "with the payment of all amounts due and owing" on the judgments.

In response, CAEI and Burnett filed a number of dilatory papers – a motion for a more definite statement from CAEI; from Burnett, a motion to quash, alleging defects in service.

On December 9, 2014, apparently unaware of the motion for a more definite statement and the motion to quash, the circuit court granted the motion for ancillary relief. Its orders "charged" Burnett's "equity interests" in CAEI "with the payment of all amounts due" on the two judgments against him. In addition, the orders "enjoined" Burnett and CAEI from "transferring any assets by way of dividend, loan or otherwise" to Burnett. Instead, the orders required that "any distributions payable or any other money that is or becomes due to" Burnett "by reason of his corporate stock shares in CAEI" "be directed" to Spencer.

Burnett and CAEI moved for reconsideration. After some motions practice and communications among the court and counsel, Burnett and Spencer reached an agreement on February 9, 2015, which was embodied in a consent order that was signed by the court on March 16, 2015, and docketed on March 25, 2015. Under the consent order, Burnett could join in CAEI's motion for reconsideration, which was to be heard on February 10, 2015, but he withdrew his objections to service and his motion for reconsideration of the court's original charging orders of December 9, 2014. The consent order gave Burnett

2

until February 26, 2015, to elect his exemptions, if any, from Spencer's action to collect on her judgment, but the order made no other provision for registering substantive challenges to the relief that the court had ordered.

On February 10, 2015, the day after Burnett and Spencer reached the agreement that became the consent order, the circuit court conducted a hearing on CAEI's motion for reconsideration. At the hearing, Mr. Burnett's counsel joined the company in arguing for the amendment of some aspects of the December 9, 2014, orders. In an order signed by the court on February 19, 2015, and docketed on March 9, 2015, the court amended its earlier order in two respects: (1) it permitted CAEI to reimburse Burnett for legitimate business expenses incurred on CAEI's behalf; and (2) it permitted CAEI both to make and to forgive loans to Burnett, provided that the company gave advance notice to Spencer's attorneys.

In accordance with the agreement that became the consent order between Burnett and CAEI, Burnett claimed several exemptions on February 26, 2015. At the same time, Burnett filed what he called "a motion to release property from levy" under Md. Rule 2-643(c). In that motion Burnett asked the court to release the "levy" on his corporate interest. He contended that a charging order could reach only partnership, and not corporate, interests.[2]

---

[2] It is unclear whether a person can "levy" on intangible personal property, such as an interest in a corporation. *See* Md. Rule 2-642(b) (instructing the sheriff to levy upon a judgment-debtor's interest in personal property "by *obtaining actual view of the property*, entering a description of the property upon a schedule, and (1) *removing the property* from the premises, or (2) *affixing a copy* of the writ and schedule *to the property*, (3) *posting a copy* of the writ and schedule in a prominent place *in the immediate vicinity of*

3

In an order dated April 21, 2015, the circuit court denied Burnett's motion to release property from levy. The clerk made a record of that ruling on the docket on April 27, 2015.

On May 21, 2015, Burnett appealed. Spencer has moved to dismiss the appeal.

## II.    Questions Presented

Burnett presents two questions, which we quote:

> 1. Whether orders entered under the authority of Md. Rule 2-651 validly attach a judgment-debtor's interest in a corporation, charge the interest with payments of all amounts due on the judgment, and direct all of the judgment-debtor's shareholder distributions to be paid on to the judgment-creditor when the General Assembly has not adopted a statute making the charging order remedy available to creditors of a shareholder-debtor of a corporation[.]

> 2. Whether the court can exempt a judgment-creditor from her burden to prove which portion of a judgment-debtor's shareholder distributions is subject to enforcement of the judgment.

## III.    Spencer's Motion to Dismiss the Appeal

Before proceeding to the merits of the appeal, we must consider Spencer's motion to dismiss the appeal. In support of that motion, Spencer makes two arguments. First, she argues that Burnett has no right to appeal because he "consented to the validity" of the charging order when he entered into the consent order on February 9, 2015. Second,

---

*the* property *and affixing* to each item of property *a label* denoting that the property has been levied upon by the sheriff, or (4) *posting a copy* of the writ and schedule in a prominent place *in the immediate vicinity of the property* without affixing a label to each item of property if affixing a label to each item of property is possible but not practical" (emphasis added)). Consequently, it is unclear whether a person can move to release a "levy" on intangible personal property. The issue, however, is not before us, because Spencer did not object to the form of relief that Burnett requested.

Spencer argues that Burnett's appeal is untimely because, she says, he was required to note his appeal within 30 days of March 25, 2015, the date when the clerk docketed the consent order.

Spencer's conclusions are incorrect because her premise is incorrect. Burnett has not appealed from the consent order, in which he consented to service of process and withdrew his motion for reconsideration of the court's original charging orders of December 9, 2014. Burnett has appealed from the denial of his "motion to release property from levy."

Under Maryland Code (1974, 2013 Repl. Vol.), § 12-303(1) of the Courts and Judicial Proceedings Article ("CJP"), Burnett had the right to appeal from the order denying that motion, because it is an order "with reference to the receipt or charging of the income, interest, or dividends" of the "property with which the action is concerned," or "the refusal to modify, dissolve, or discharge such an order." The court did not deny that motion until April 21, 2015, and the clerk did not enter it on the docket until April 27, 2015. Burnett noted his appeal on May 21, 2015, less than 30 days after the clerk docketed the appealable interlocutory order. Because Burnett's appeal, therefore, is properly before us, we deny Spencer's motion to dismiss.

## IV.    Scope of Review

Both parties agree that because this case requires an interpretation of the scope of a procedural rule, it involves a question of law, which is subject to de novo review. We proceed on that supposition.

## V.    Authority to Issue Charging Orders Under Rule 2-651

Maryland Rule 2-651 provides, in full, as follows:

> Upon motion and proof of service, a court in which a judgment has been entered or recorded may order such relief regarding property subject to enforcement of the judgment as may be deemed necessary and appropriate to aid enforcement of the judgment pursuant to these rules, including an order (a) to any person enjoining the destruction, alteration, transfer, removal, conveyance, assignment, or other disposition of such property, (b) to any person enjoining the negotiation, transfer, assignment, or other disposition of a document representing an interest in such property, (c) to any person directing the disclosure to the sheriff of the whereabouts of such property, (d) to any person directing that any such property which has been removed from the jurisdiction, concealed, or made inaccessible for the purpose of avoiding levy be delivered to the sheriff or made available for levy, (e) to any person directing the surrender to the sheriff of such property located in the state, and (f) to the sheriff of any county where such property is located directing the sheriff to take physical possession of and sequester such property. The motion shall be served on the person against whom the order is sought in the manner provided by Chapter 100 of this Title for service of process to obtain personal jurisdiction and if that person is not the judgment debtor, a copy of the motion shall be mailed to the judgment debtor's last known address.

Rule 2-651 supplements the five, specific mechanisms set forth in the Maryland Rules for enforcing a judgment: a writ of execution (Rules 2-641 and 2-642), a general writ of garnishment (Rule 2-645), a writ of garnishment of an account in a financial institution (Rule 2-645.1), a writ of garnishment of wages (Rule 2-646), and a charging order on a partnership interest (Rule 2-649). Although those mechanisms cover most of

6

the circumstances that a judgment-creditor may confront in enforcing a judgment, Rule 2-651 "provides a 'wild card' that may be used in extraordinary circumstances." Paul V. Niemeyer, Linda M. Schuett & Joyce E. Smithey, *Maryland Rules Commentary* 752 (4th ed. 2014).

"The Rule was derived, in part, from former Md. Rule 628d, which allowed a court to 'pass such order as will subject the property or credits of the judgment debtor either in his own hands or in the hands of any person to the operation of the judgment.'" *McKinney v. State of Md. Deposit Ins. Fund Corp.*, 99 Md. App. 124, 137 (1994).

In his principal argument, Burnett objects to the use of Rule 2-651 to fashion a charging order against an interest in a corporation. He points out that Maryland Code (1975, 2014 Repl. Vol.), § 9A-504 of the Corporations and Associations Article, expressly authorizes a court to impose a charging order against partnership interests and that Rule 2-649 facilitates that authorization. He also points out the absence of any statute that expressly authorizes a court to impose a charging order against a shareholder's interest in a corporation. He objects to the use of Rule 2-651 to devise a species of charging order that has no explicit statutory authorization.

According to Burnett, the "true function" of Rule 2-651 is "to provide relief that is supplementary or complementary to a statute authorizing it." He seems to say that a court cannot order a form of relief under Rule 2-651 unless the relief has some corresponding statutory basis.

Burnett's argument ignores Rule 2-631, which concerns the "[e]nforcement procedures available" for judgment-creditors. Rule 2-631 states that "[j]udgments may

7

be enforced only as authorized by these rules *or* by statute." (Emphasis added.) Because the rule employs the disjunctive term "or," it is obvious, as a matter of logic and grammar, that a person may enforce a judgment by a method that is authorized by the rules alone: the method need not also be expressly authorized by statute. *See, e.g.*, *Hoile v. State*, 404 Md. 591, 608-09 (2008).

In any event, Burnett himself agrees that his "corporate interest is apparently subject to attachment under" CJP § 3-305, which states that "[a]n attachment may be issued against any property or credit, matured or unmatured, which belong to a debtor." In particular, Burnett agrees that "distributions are arguably 'property or credits, matured or unmatured.'" In fact, Burnett does not contest the proposition that his corporate interest is subject to attachment under CJP § 3-305. *Id.* ("[t]hat point is not herein contested"). Those concessions would seem to put an end to his contention that the circuit court lacked a statutory basis for issuing the charging order.[3]

Turning to the language of Rule 2-651 itself, Burnett concedes that it is "not unreasonable" to interpret the rule to permit a court to issue a charging order against a judgment-debtor's corporate interest. He writes: "To be fair, one could interpret the rule as giving the court authority to fashion any relief that would help the creditor collect when other methods have not been provided by statute, or when previous statutory

---

[3] If Burnett's interest were contingent, rather than matured or unmatured, it would not be subject to attachment. *See Consolidated Constr. Servs., Inc. v. Simpson*, 372 Md. 434, 447-48 (2002). Burnett, however, does not contend that the charging order reaches a contingent interest, such as the right to future distributions if the corporation has sufficient profits to justify them. Consequently, we assume that the order reaches an interest that is either matured or unmatured.

remedies have failed." *Id.* He adds: "Arguably, the catch-all language 'such relief []

regarding property [subject to enforcement of the judgment] as may be deemed necessary

and appropriate to aid enforcement' comports with the authority given by Md. Rule 2-631

that 'judgments may be enforced only as authorized by these rules or by statute.'" *Id.* at

12-13.

We accept Burnett's concessions. Burnett's corporate interest was property

subject to enforcement of the judgment because he admits that the "distributions are

arguably 'property or credits, matured or unmatured'" within the meaning of CJP § 3-305.

In prohibiting the corporation from making distributions to Burnett and directing it to

make those distributions to Spencer instead, the circuit court entered an order enjoining

the transfer, conveyance, or other disposition of property that was subject to enforcement

of the judgment. On the basis of the arguments presented to us, therefore, we conclude

that under Rule 2-651 the circuit court had the power to issue the charging order against

Burnett's corporate interest.[4]

---

[4] In the only reported opinion that specifically concerns Rule 2-651, this Court considered an order that required a person to pay certain funds into the registry of a circuit court, provided that those funds came into her hands. If and when she paid the funds into the registry of the court, the court would determine whether she or the judgment-creditor was entitled to them. In affirming that order, Chief Judge Wilner, for this Court, wrote that "[s]o long as the person holding the property and making claim to it has proper notice and the opportunity for a hearing and so long as the judgment creditor makes a reasonable, *prima facie* showing that the property is or may be subject to the judgment, the court may afford what is essentially an interlocutory form of relief." *McKinney*, 99 Md. App. at 137-38. Burnett does not contend that Rule 2-651 authorizes only "interlocutory form[s] of relief," under which a court effectively freezes an asset pending an adjudication of a creditor's rights to it. Consequently, we do not consider any such contention.

In arguing for a contrary conclusion, Burnett cites *91st Street Joint Venture v. Goldstein*, 114 Md. App. 561 (1997), a case concerning charging orders against partnership interests under Rule 2-649. In *91st Street Joint Venture*, this Court held that under Rule 2-649 a receiver did not have the authority to transfer a judgment-debtor's partnership to judgment-creditors in partial satisfaction of a judgment. *Id*. at 578. *91st Street Joint Venture* has no bearing on this case, because the circuit court did not transfer Burnett's corporate interest to Spencer. Rather, the court enjoined the corporation from making certain distributions to him and directed that they be made to his ex-wife instead.

In another argument, Burnett asserts that although Rule 2-651 "allows a court to enjoin" the transfer of his property, the creditor must first "attach[]" (or, more precisely, garnish) the property under Rule 2-645. Suffice it to say that nothing in the rules supports that assertion, and Burnett cites no authority for it. *See HNS Dev., LLC v. People's Counsel for Baltimore Cnty.*, 425 Md. 436, 458-59 (2012) (case, statutory, or constitutional authorities are a necessary part of any argument).

In a final argument, Burnett appears to assert that the court exceeded its constitutional authority by charging his corporate interest in the absence of a statute that expressly authorizes that relief. Burnett, however, never presented that argument to the circuit court. Consequently, he has failed to preserve it for our review. *See* Md. Rule 8-131(a) ("[o]rdinarily, the appellate court will not decide any . . . issue," other than issues of subject matter and personal jurisdiction, "unless it plainly appears by the record to have been raised in or decided by the trial court"); *see also Baltimore Teachers Union, American Fed. of Teachers, Local 340, AFL-CIO v. Maryland State Bd. of Educ.*, 379

Md. 192, 205-06 (2004) ("[i]t is particularly important not to address a constitutional issue not raised in the trial court in light of the principle that a court will not unnecessarily decide a constitutional question"). Even if he had preserved the argument, however, we would reject it, because on the basis of the arguments that he has presented to us, we have concluded that under Rule 2-651 the circuit court had the power to issue the charging order against Spencer's corporate interest.

## VI. Spencer's Alleged Failure of Proof

Burnett contends that, even if the court could enter a charging order against his interest in the corporation, the court erred in allegedly "exempting" Spencer from the burden of proving which portion of the corporate distributions are (in the words of Rule 2-651) "subject to the enforcement of the judgment[.]" In support of that argument, Burnett explains that because CAEI is a Subchapter S corporation, it has no obligation to pay federal income taxes to the extent that it distributes its income to its shareholders, like Burnett. The shareholders, however, must pay income taxes on the distributions that they receive.

Under the charging order, CAEI is required to pay Spencer "any distributions payable or any other money that is or becomes due to" Burnett "by reason of his corporate stock shares in CAEI." Under the charging order, therefore, CAEI is required to pay Spencer the portion of the distributions that Burnett would otherwise use to pay the income taxes that he owes as a result of the distributions. In other words, the charging order leaves Burnett without any source of funds to pay the tax liability that he incurs as a result of the distributions.

11

Burnett makes a number of opaque arguments to the effect that some portion of the distributions – perhaps the portion that would represent his tax liability – belong to CAEI and not to Burnett himself. He complains that Spencer did not discharge her alleged burden of quantifying the proportion of the distributions that allegedly belong only to him.

The difficulty with Burnett's arguments, aside from their opacity, is that he failed to present them to the circuit court. "Ordinarily," this Court "will not decide any issue," other than an issue of subject matter or personal jurisdiction, "unless it appears to have been raised and decided by the trial court." Md. Rule 8-131(a). Because we cannot fault the circuit court for not crediting an argument that Burnett never made, we conclude that he has failed to preserve his argument that the court erroneously "exempted" Spencer from proving which portion of the distributions allegedly belong to CAEI as opposed to Burnett.

Nevertheless, even if Burnett had preserved this argument, we would find it unmeritorious as presented. The declaration of a dividend creates a debtor-creditor relationship between a corporation and its shareholders. If the corporation decides to distribute $100 to its shareholders, it owes $100 to each shareholder – not $100 minus the shareholder's individual tax liability on account of the distribution. The charging order simply allows Spencer to attach the debt that the corporation owes to its shareholder, Burnett.

**APPELLEE'S MOTION TO DISMISS DENIED. JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AFFIRMED. APPELLANT TO PAY ALL COSTS.**